UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>STACEY ANN COUNTS<br><br>Defendant. | No. 6:14-MJ-00098-MJS<br><br>**ORDER**<br><br>**DENYING MOTION TO TERMINATE PROBATION PURSUANT TO 18 U.S.C. § 3564(c);**<br><br>**AND**<br><br>**GRANTING MOTION TO VACATE APRIL 18, 2017, REVIEW HEARING** |

Defendant Stacey Counts has moved this court to terminate early, under 18 U.S.C. § 3564(c), the period of probation the Court ordered her to serve. (ECF No. 18.) The Government opposes the motion. (ECF No. 19,)

**I.  History**

On April 21, 2015, defendant plead guilty to operating a motor vehicle while under the influence of alcohol with an alcohol concentration greater than 0.08Grams/210 liters in violation of Title 36 Code of Federal Regulations §4.23(a)(2).  The sworn statement of probable cause upon which the criminal complaint against her had been based alleged, in substance, that in the early morning hours of September 04, 2014,

1

Defendant was travelling eastbound in the middle of both lanes of Highway 120 / Tioga Road in Yosemite National Park when she struck, head-on, a vehicle travelling in the opposite direction.  After that collision, Defendant's vehicle continued across the west bound lane and fifteen feet down an embankment before striking and stopping at a tree. Two consensual breath tests taken about an hour and twenty minutes after the collision revealed an alcohol concentration of 0.33%.  At the plea hearing the  Government represented, and the defense did not dispute, that records showed that  Defendant had had two earlier alcohol-related convictions, one for public intoxication in 2010 and one for driving under the influence of alcohol with an alcohol concentration of .243%. .

Based upon the admission, plea and finding of guilt and considering the matters proffered in aggravation and mitigation and all of the factors set forth in 18 U.S.C § 3553 (a) Defendant was sentenced to pay a $2000.00 fine and serve 36 months of unsupervised probation.  The terms of probation required her to complete a state sponsored Driving under the Influence course; refrain from consumption of alcohol and illicit drugs; install an ignition interlock system to prevent driving with alcohol on her breath; submit to drug testing if and as ordered by the Court; report to the Court every 60 days on her continued sobriety; and, serve 30 days in custody, with 20 days suspended and  credit given for two days served. (ECF Nos. 8 & 9.) Following an April 19, 2016, review hearing, the Court suspended the requirement of regular status reports and ordered a report one month before each scheduled review hearing.  (ECF No. 16.)  An interim review hearing was set for April 18, 2017 at 10:00 a.m. and a final review hearing was scheduled for March 20, 2018 at 10:00 a.m. (Ibid.)

On March 15, 2017, Defendant filed her Motion to Terminate Probation.  (ECF No. 18.) With it, she included a document reflecting multiple weekly voluntary attendances at Alcoholics Anonymous meetings throughout 2016 and continuing into the present month.

She also attached a letter describing the fact and benefits of her two and one half years of total sobriety. Her counsel notes that Defendant not only complied in all respects with all conditions of probation, but in fact went beyond those requirements by voluntarily attending AA. She requests early termination of probation.

The government opposes the motion. It argues that given Defendant's history of convictions for alcohol-related offenses, the terms and term of probation were and remain appropriate and in the best interest of Defendant and the public.

**II.     Analysis**

No one having requested oral argument on this motion and the Court seeing no need for argument, the matter is deemed submitted.

The motion for early termination of probation will be denied for the following reasons.

The Court is very impressed with Defendant's compliance with the terms of her probation in all respects, with the fact that she has gone beyond mere compliance, and the fact that she genuinely appears to have recovered from the scourges of a terrible disease and reclaimed her life. She should be very, very proud of that; in the Court's experience such recovery is rare. The Court would like to reward her for that. Early termination of probation would be one way to do so. However, in reviewing the terms of probation, all that remain from a practical standpoint are those which prohibit consumption of alcohol and illegal drugs. The court agrees with the Government that no useful purpose would be served by removing those requirements and doing so could only increase the risks of relapse and the risks of injury for Defendant and the public. There was a reason the court imposed such a lengthy period of probation. The reason remains. So does the originally ordered period of probation.

Given the reports of compliance by Defendant, there is however no need to hold the April 128, 2017, review hearing.  It will be vacated.  Assuming no violation of the remaining terms of probation between now and the March 1, 2018, Defendant may then petition to vacate the final hearing as well and anticipate that petition will be granted.

III. **Order**

For the reasons set forth above and good cause having been shown, Defendant Stacey COUNTS' MOTION TO TERMINATE PROBATION PURSUANT TO 18 U.S.C. § 3564(c) in *United States v. Counts* 6:14-mj-00098-MJS, is DENIED. The review hearing scheduled for April 18, 2017, is VACATED.

IT IS SO ORDERED.

Dated:   March 24, 2017           /s/ *Michael J. Seng*
                                  UNITED STATES MAGISTRATE JUDGE